IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

Civil Action No. 14-cv-02615-MEH

PRESTON COUSETT,

    Applicant,

v.

PAM PLOUGHE, Warden, Skyline Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

Applicant, Preston Cousett, is in the custody of the Colorado Department of Corrections (CDOC) at the Skyline Correctional Center in Canón City, Colorado. He has filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8) challenging the validity of his convictions and sentence imposed in the District Court of El Paso, County, Colorado. Mr. Cousett has paid the $5.00 filing fee.

On November 17, 2014, April 14, 2014, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response (ECF No. 16) on November 24, 2014. Applicant filed a Reply (ECF No. 17) on December 11, 2014.

The Court construes Mr. Cousett's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

## I. Background and State Court Proceedings

In November 2007, Mr. Cousett was convicted by a jury in El Paso County District Court Case No. 04CR1331 of numerous counts of aggravated robbery, attempted robbery, menacing, and theft, as well as several crime of violence counts. (ECF No. 16-1, at 6-20). He was sentenced to an aggregate prison term of 20 years with the CDOC. (*Id.* at 26-27).

Mr. Cousett's convictions and sentences were affirmed on direct appeal in *People v. Cousett*, No. 08CA0356 (Colo. App. Sept. 22, 2011) (unpublished) (*Cousett I*). (ECF No. 16-7). The Colorado Supreme Court denied Applicant's petition for certiorari review on February 27, 2012.

On August 13, 2012, Mr. Cousett filed a state post-conviction motion for sentence reconsideration and reduction of mandatory sentence. (ECF No. 16-1, at 24). The state district court denied the motion on August 20, 2012. (*Id.*). Applicant did not appeal the order.

On November 13, 2012, Mr. Cousett filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), which was denied summarily by the state district court on November 20, 2012. (*Id.* at 24; *see also* ECF No. 16-4). The Colorado Court of Appeals affirmed the district court's order in *People v. Cousett*, No. 13CA0007, Colo. App. July 31, 2014) (unpublished) (*Cousett II*) (ECF No. 16-2). Applicant did not seek certiorari review in the Colorado Supreme Court.

Mr. Cousett filed his § 2254 Application in this Court on September 22, 2014. The operative pleading is the Amended Application, filed on November 13, 2014 (ECF No. 8). Although the Amended Application purports to assert five claims, Applicant's allegations can be distilled into two claims for relief. Applicant asserts that his convictions violated the Fourteenth Amendment Due

Process Clause and his Fifth Amendment privilege against self-incrimination because his confession to police officers was: (1) coerced; and, (2) obtained in violation of his *Miranda*[1] rights, where his waiver of the right to counsel was not knowing and voluntary.

In the Pre-Answer Response, Respondents concede that the Application is timely under the AEDPA one-year limitation period set forth in 28 U.S.C. § 2244(d). (ECF No. 16, at 4-7). Respondents further concede that Mr. Cousett exhausted state court remedies for his first claim. (*Id.* at 15). Respondents contend, however, that claim two is not exhausted and is now procedurally barred because Applicant no longer has a state court remedy available to him. (*Id.* at 15-17).

**II. Exhaustion and Procedural Default**

    **A. Applicable legal standards**

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### B. Analysis

For his second claim, Applicant asserts that his convictions violated the Fourteenth Amendment Due Process Clause and his Fifth Amendment privilege against self-incrimination

because his confession to police officers was obtained in violation of his *Miranda* rights, where his waiver of the right to counsel was not knowing and voluntary. (ECF No. 6, at 7).  Respondents argue that because Applicant failed to exhaust this claim in the state courts and no longer has an available state court remedy, the claim is procedurally barred.

On direct appeal of his convictions and sentences, Mr. Cousett argued that the trial court erred in denying his motion to suppress his confessions as involuntary because the confessions were induced by improper promises and threats. (ECF No. 16-8).  However, Mr. Cousett never raised an allegation challenging the validity of his waiver of the right to counsel at the time the police interrogated him.  (*See id.*).

In the state post-conviction proceeding, Mr. Cousett argued that his trial and appellate counsel were constitutionally ineffective; that the court withheld evidence at trial that might have proved his innocence; and, that the evidence was insufficient to support his convictions. (ECF No. 16-2, at 5; No. 16-3).  He did not argue the invalidity of his waiver of counsel during the police interrogation.

The Court agrees with Respondents that Applicant failed to exhaust state court remedies for his second claim.  If Mr. Cousett attempted to fairly present claim two to the state courts at this time in another post-conviction motion, the motion would be denied as successive. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought."); *see also People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010). Colo. Crim. P. Rule 35(c)(3)(VII) is an adequate state procedural ground for rejecting a claim.  *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished)

(applying Colorado's bar against successive claims); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished). Because Mr. Cousett is procedurally barred from raising the allegations of claim two in the state courts at this time, he must meet the cause and prejudice standard or fundamental miscarriage of justice exception to excuse his procedural default. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

In his Reply, Applicant suggests that his direct appeal counsel was constitutionally ineffective in failing to challenge the validity of Applicant's waiver of the right to counsel before he was interrogated by the police. (ECF No. 17, at 4-5).

Appellate counsel's failure to raise a meritorious issue on direct appeal may constitute cause to excuse a procedural default. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). However, the claim that appellate counsel was constitutionally ineffective must itself be exhausted in the state courts. *Edwards*, 529 U.S. at 453. Although Mr. Cousett raised a claim of ineffective assistance of appellate counsel in his state post-conviction proceeding, he alleged only that appellate counsel should have challenged the sufficiency of the evidence at trial and the trial court's failure to disclose potentially exculpatory evidence. (ECF No. 16-2, at 8). Applicant did not claim that appellate counsel was ineffective in failing to challenge his waiver of *Miranda* rights. (*See generally* ECF No. 16-3). As such, Applicant thus cannot rely on the ineffective assistance of appellate counsel to excuse his procedural default of the unexhausted allegations in claim 6. *See* Edwards, 529 U.S. at 453; *see also Livingston v. Kansas*, No. 10-3076, 407 F. App'x 267, 273 (10th Cir. Nov. 2, 2010) (unpublished).

Mr. Cousett does not point to any other cause for his procedural default of claim two, or make a colorable showing of actual innocence.  As such, claim two will be dismissed as procedurally barred.

### III. Orders

For the reasons discussed above, it is

ORDERED that claim two of the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8), filed by Preston Cousett, *pro se*, is DISMISSED WITH PREJUDICE as procedurally barred.  It is

FURTHER ORDERED that Respondents shall file an Answer to claim one of the Amended Application **within thirty (30) days** of this Order.  It is

FURTHER ORDERED that Applicant may file a Reply **within thirty (30) days** after Respondents file an Answer.

Dated at Denver, Colorado, this 15th day of January, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge